NUMBERS
13-09-00517-CR AND 13-09-00518-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

PETER CURRY,                                                                              Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                  Appellee.


____________________________________________________________

 

                             On
Appeal from the 214th District Court 

                                        of
Nueces County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

         Before Chief Justice Valdez and Justices Rodriguez and Benavides

Memorandum Opinion
Per Curiam

 

Appellant,
Peter Curry, attempted to perfect an appeal from a conviction for aggravated
sexual assault of a child and a conviction of burglary of a habitation.  We
dismiss the appeals for want of jurisdiction.








This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Absent a timely filed notice of appeal, a court of appeals does not
have jurisdiction to address the merits of the appeal and can take no action
other than to dismiss the appeal for want of jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  

The
trial court imposed sentence in these matters on March 14, 2008, and the
judgment was corrected by a nunc pro tunc order signed April 9, 2008. 
Appellant filed his notice of appeal on April 7, 2009.  On December 22, 2009,
the Clerk of this Court notified appellant that it appeared that the appeals
were not timely perfected and that the appeals would be dismissed if the defect
was not corrected within ten days from the date of receipt of the Court=s directive.  Appellant has not filed a response to the
Court=s directive.  

Unless
a motion for new trial has been timely filed, a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open
court, or after the day the trial court enters an appealable order.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, the notice of appeal must be filed
within ninety days after the day sentence is imposed or suspended in open
court.  See id. 26.2(a)(2).  The time within which to file the notice
may be enlarged if, within fifteen days after the deadline for filing the
notice, the party files the notice of appeal and a motion complying with Rule
10.5(b) of the Texas Rules of Appellate Procedure.  See id. 26.3.

Appellant=s notice of appeal, filed twelve months after sentence
was imposed, was untimely, and accordingly, we lack jurisdiction over the
appeals.  See Slaton, 981 S.W.2d at 210.  Appellant may be entitled to
an out‑of‑time appeal by filing a post‑conviction writ of
habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court.  See
Tex. Code Crim. Proc. Ann. art.
11.07, ' 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).








The
appeals are DISMISSED FOR WANT OF JURISDICTION.                                            

                                                                        PER
CURIAM

Do not publish. 

See Tex. R. App. P.
47.2(b).

Delivered and filed the 

21st day of December, 2010.